**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LUKE CLARK, on behalf of himself and all others similarly situated,<br><br>  Plaintiff,<br><br>vs.<br><br>CAVALRY PORTFOLIO SERVICES, LLC, CAVALRY SPV I, LLC and SCHACHTER PORTNOY, LLC<br><br>   Defendant. | Civil Case No. 7:17-cv-00099-VB |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS
CAVALRY PORTFOLIO SERVICES, LLC'S AND CAVALRY
SPV I, LLC'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6)**

THOMAS R. DOMINCZYK
**MAURICE WUTSCHER, LLP**
Attorneys for Defendants,
Cavalry Portfolio Services, LLC
and Cavalry SPV I, LLC
5 Walter E. Foran Blvd., Suite 2007
Flemington, NJ  08822
(908) 237-4550
(908) 237-4551 fax
tdominczyk@mauricewutscher.com

## LEGAL ARGUMENT

### I.   RES JUDICATA BARS COUNTS TWO THROUGH FIVE.

Plaintiff does not dispute the validity of the underlying judgment in state court nor does he dispute that he has not since attempted to vacate that judgment.  When applying *res judicata* federal courts will apply the preclusion laws of the state at issue.  *Houck v. U.S. Bank, N.A.*, 2017 U.S. App. LEXIS 7820, *3 (2d Cir. May 3, 2017) (citing *Conopco, Inc. v. Roll Intern.*, 231 F.2d 82, 87 (2d Cir. 2000).  The opposition ignores the overwhelming authority from New York state courts on the application of *res judicata* to default judgments.  *Pace v. Perk*, 81 A.D.2d 444, 461 (2nd Dep't 1981); *Goebel v. Iffla*, 111 N.Y. 170 (1888); *Lazides v. P&G Enters.*, 58 A.D.3d 607, 609 (2nd Dep't 2009); *Eagle Ins. Co. v. Facey*, 272 A.D. 2d 399, 400 (2nd Dep't 2000); *83-17 Broadway Corp. v. Debcon Fin. Servs., Inc.*, 39 A.D.3d 583, 585 (2nd Dep't 2007).

The Court of Appeals of New York could not be any clearer that the judgment is conclusive as to those issues that "were or might have been litigated therein. . . [and] it is immaterial whether issue was joined by the defendant."  *Goebel*, 111 N.Y. at 177.  Plaintiff attempts to distinguish this law as applied by Judge Scheindlin in *Tonken v. Loving & Weintraub, Inc.*, 22 F. Supp. 2d. 86 (S.D.N.Y. 1998) based upon dicta which  is contrary to the law in New York.  There is no finding in *Tonken* that the Plaintiffs appeared or otherwise participated in the underlying state court litigation.  The "calculated risk" language is not essential to the holding although it is similar to the calculated risk that Plaintiff is taking here in not seeking to vacate the valid judgment previously entered against him.  The fact remains that Plaintiff had and continues to have an opportunity to raise defenses to the state court collection action in state court.  He has not done so and his attempts to attack that judgment here must fail.

With regard to the attempt to distinguish the state court collection action from this matter, Plaintiff's arguments are again misplaced. *Res judicata* bars all claims "even if the claims are based upon different legal theories or the party is seeking a different remedy." *Tonken*, 22 F. Supp. 2d. at 90 (citing *Brooks v. Giuliani*, 84 F.3d 1454, 1463 (2d Cir. 1996) (citing *O'Brien v. City of Syracuse*, 54 N.Y.2d 353 (1981)). Plaintiff cites three cases to try and make an end run around New York law but each is easily distinguishable. *Gabriele* involved litigation in Connecticut and would not apply the broad principals of *res judicata* applied by New York courts. The *Sykes* quote is admittedly dicta as the opinion is on a motion for class certification and the court expressly declined to address liability. In *Sykes*, the claims were related to "sewer service" and the filing of allegedly false affidavits. In fact, all three cases, (*Gabriele*, *Toohey* and *Sykes*) involve alleged false representations made by parties in connection with the collection litigation.

The claims at issue here are completely different and all go to the core of the debt itself. Counts two and five allege that Cavalry was not permitted to charge interest. Counts three and four allege that Cavalry was precluded from collecting because it never notified him that the account had been assigned to Cavalry. Thus, by obtaining the judgment (that includes interest), Cavalry allegedly violated the FDCPA and NY GBL. There is no way to distinguish the alleged violation from the judgment on the debt. Unlike the claim for filing suit in the wrong venue (which claim exists independent of the underlying judgment), these four counts are all barred by New York's incredibly broad principals of *res judicata*. Because the amount of the debt and Cavalry's ownership thereof are both prerequisites to the entry of the default judgment. All of these issues are necessary to the entry of judgment in the State Court Action and should have been raised in the State Court Action. Any determination by this court that the amount of the

3

debt was incorrect or that the assignment to Cavalry was improper would contradict the valid judgment previously entered (and still standing) in Sullivan County.  As such, Plaintiff's claims are all barred by res judicata and his complaint must be dismissed with prejudice.

## III.    CAVALRY IS NOT VICARIOUSLY LIABLE FOR THE CONDUCT OF SCHACHTER.

Plaintiff does not dispute that there are no allegations that Cavalry engaged in any specific conduct beyond hiring Schachter to file the lawsuit.  Plaintiff asks this court to hold Cavalry vicariously liable for the litigation related activities of its attorneys based on the opinion in *Gomez v. Resurgent Capital Servs., LP*, 129 F. Supp. 3d 147 (S.D.N.Y. 2015).  This is not a situation like *Gomez* where the alleged misconduct went toward ordinary debt collection efforts such as making telephone calls and sending letters.  Here, the only issue is whether the lawsuit was filed in the wrong venue.  The decision where to file the suit is strictly one that is based upon the professional opinion and judgment of the attorney filing it.  This is precisely why the exercise of control must be required here as it was in *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F3d 1162, 1173 (9th Cir. 2006) and *Bodur v. Palisades Collection, LLC*, 829 F. Supp. 2d 246, 259 (E.D.N.Y. 2011).

As to the actual allegations of Cavalry exercising control over Schachter, while there are many irrelevant allegations regarding collection practices (all plead upon information and belief), there are no allegations that go to the only fact at issue: the decision to file suit in New York. Schachter is a law firm with attorneys who file pleadings including the complaint at issue here. Basic rules of professional conduct preclude Schachter from allowing a non-lawyer like Cavalry from controlling how the lawyer engages in the practice of law.  The fact remains that there simply is no allegation that Cavalry directed or controlled Schachter to file suit in a judicial district where Plaintiff did not reside.  Absent this fact, Cavalry cannot be held liable for

4

Schachter's alleged conduct of filing a complaint in an allegedly improper venue. *See Clark*, 460 F3d at 1173. *See also Sanchez v. Abderrahamn*, 2013 U.S. Dist. LEXIS 186537 (E.D.N.Y. July 24, 2013). Therefore, given the lack of any *factual* allegations that Cavalry engaged in any conduct itself or exercised control over Schachter in the filing of the lawsuit, the claims against it must be dismissed.

**CONCLUSION**

Based upon the foregoing arguments, Cavalry respectfully requests that the Court dismiss Plaintiff's Complaint pursuant to *Fed. R. Civ. P.* 12(b)(6).

Dated: Flemington, NJ
      July 25, 2017

          /s/ *THOMAS R. DOMINCZYK*
          THOMAS R. DOMINCZYK

          **MAURICE WUTSCHER, LLP**
          Attorneys for Defendants,
          Cavalry Portfolio Services, LLC
          and Cavalry SPV I, LLC
          5 Walter E. Foran Blvd., Suite 2007
          Flemington, NJ 08822
          (908) 237-4550
          (908) 237-4551 fax
          tdominczyk@mauricewutscher.com

## CERTIFICATION OF FILING AND SERVICE

I certify that on July 25, 2017 the foregoing document was electronically filed via

CM/ECF with the Clerk, United States District Court for the Southern District of New York.  I

further certify that I caused a copy of the foregoing to be served via regular mail on:

Mitchell L. Pashkin, Esq.
775 Park Avenue, Suite 255
Huntington, New York 11743

Adam M. Marshall, Esq.
Kaufman Dolowich & Voluck, LLP
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797


By: **/s/ Thomas R. Dominczyk**
Thomas R. Dominczyk, Esq.

Date: July 25, 2017

6