```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
LUKE CLARK, on behalf of himself                               :
and all others similarly situated,                             :
                                  Plaintiff,                   :    **OPINION AND ORDER**
                                                               :
v.                                                             :    17 CV 99 (VB)
                                                               :
CAVALRY PORTFOLIO SERVICES, LLC,                               :
CAVALRY SPV I, LLC, and SCHACHTER                              :
PORTNOY, LLC,                                                  :
                                  Defendants.                  :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiff Luke Clark brings this putative class action against defendants Cavalry Portfolio Services, LLC ("CPS"), Cavalry SPV I, LLC ("CSI"), and Schachter Portnoy, LLC ("SP"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and New York General Business Law § 349 ("GBL § 349").

On June 28, 2017, plaintiff voluntarily dismissed his claims against SP pursuant to Rule 41(a)(1)(A)(ii). (Doc. #34).

Before the Court is CPS and CSI's motion to dismiss pursuant to Rule 12(b)(6). (Docs. ##20, 35).

For the reasons set forth below, defendants' motion is GRANTED IN PART and DENIED IN PART.

The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1367.

## BACKGROUND

For purposes of ruling on a motion to dismiss, the Court accepts all factual allegations in the amended complaint as true and draws all reasonable inferences in plaintiff's favor. Although the amended complaint is not a model of clarity, the pertinent facts seem to be as follows.

1

Plaintiff had a credit card issued by HSBC Bank Nevada, N.A. ("HSBC"). Plaintiff recalls using his HSBC credit card to purchase personal items, but does not aver whether he eventually failed to pay the balance. In any event, in 2009, HSBC "charged-off" $3,188.22 of plaintiff's debt (the "underlying debt"). (Am. Compl. ¶ 59).

In 2010, CSI acquired plaintiff's debt. According to the amended complaint, CSI is a wholly-owned subsidiary of CPS, and both entities are debt collectors. Plaintiff was not notified by HSBC, CSI, or CPS about the assignment of his debt.

On March 12, 2012, either CSI or CPS engaged SP, a law firm, to pursue a collection action against plaintiff.

On August 15, 2012, SP filed a complaint on CSI's behalf in Supreme Court, Sullivan County, to collect on plaintiff's debt (the "state court action").[1] According to plaintiff, the summons and complaint in the state court action were served at his parents' address in Barryville, New York. At the time, plaintiff was estranged from his parents and living in California. Thus, plaintiff never received the service documents, nor was he made aware of the action against him. As such, plaintiff never appeared in the state court action.

On January 14, 2013, CSI obtained a default judgment against plaintiff in the amount of $4,294.80, which accounted for the underlying debt, plus interest, costs, and disbursements.

On August 25, 2015, plaintiff received a copy of his credit report and discovered CSI's judgment against him.

On August 24, 2016, plaintiff timely commenced this action in Supreme Court, Westchester County. On January 5, 2017, defendants removed the action to this Court.

---

[1] While plaintiff alleges the state court action commenced on August 15, 2012 (Am. Compl. ¶ 19), the summons and verified complaint in the state court action are dated April 19, 2012. (Doc. #30-5). The filing date is immaterial to the Court's analysis of plaintiff's claims.

2

# DISCUSSION

I.   Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

II.  Application

Plaintiff alleges defendants violated the FDCPA by (i) bringing the state court action in a judicial district where plaintiff did not reside at the commencement of the action (first cause of action); (ii) falsely stating that plaintiff owed interest on the underlying debt and seeking such interest in the state court action (second cause of action); (iii) attempting to collect a debt they did not have a legal right to collect, or standing to pursue (third cause of action); and (iv)

threatening to take action they could not legally take (fourth cause of action). Plaintiff further asserts the state court action and defendants' application for a default judgment "amounted to a deceptive act and practice" in violation of GBL § 349 (fifth cause of action). (Am. Compl. ¶ 84).

Defendants argue plaintiff's first cause of action must be dismissed because defendants are not vicariously liable for SP's decision to file the state court action in Sullivan County. Defendants further argue plaintiff's second, third, fourth, and fifth causes of action must be dismissed because they are barred by the doctrine of res judicata.

The Court will address each argument in turn.

A. Judicial District of State Court Action

First, defendants argue they are not vicariously liable for SP's decision to file the state court action in a judicial district where plaintiff did not reside.

The Court disagrees.

The Second Circuit has not ruled on the issue, but courts in this Circuit and others "have concluded that principals or corporate parents may be held vicariously liable for their agents' or subsidiaries' actions that violated the FDCPA where the principals are themselves debt collectors." Polanco v. NCO Portfolio Mgmt., Inc., 132 F. Supp. 3d 567, 584 (S.D.N.Y. 2015) (collecting cases).

On the same basis, vicarious liability may attach in the context of an attorney-client relationship, although courts in this Circuit disagree over the standard for determining when it is appropriate to impute an attorney's actions to a debt collector client. Compare Bodur v. Palisades Collection, LLC, 829 F.Supp.2d 246, 259 (S.D.N.Y. 2011) ("To be vicariously liable under the FDCPA . . . the principal must exercise control over the conduct or activities of the agent.") (internal quotation omitted) ("Bodur"), with Okyere v. Palisades Collection, LLC, 961

F. Supp. 2d 508, 516 (S.D.N.Y. 2013) (applying "traditional vicarious liability rules" that hold "principals liable for acts of their agents merely when the agents act in the scope of their authority") (internal quotation omitted).

Here, plaintiff alleges defendants are debt collectors, and defendants do not contend otherwise. Further, CPS's October 2, 2015, letter to the Consumer Financial Protection Bureau regarding its collection efforts states, "[t]his communication is from a debt collector." (Doc. #30-1). Thus, it is clear defendants are debt collectors who may be held vicariously liable for their agents' actions.

However, defendants argue they may not be held liable for SP's actions, because SP functions as an attorney, and according to defendants, plaintiff has failed to allege defendants exercised control over SP sufficient to satisfy the Bodur standard. Even if this Court were to apply the more stringent Bodur standard, defendants are incorrect.

In particular, plaintiff alleges defendants issued instructions that controlled SP's actions with regard to debt collection litigation:

> CSI or CPS on behalf of itself and CSI, issued work standards, directives, and/or guidelines to SP which contained instructions, controls, and rules governing the steps SP could and could not take to attempt to collect debts including the filing and prosecution of lawsuits, and obtaining and maintaining judgments. . . . [T]hese instructions, controls, and rules also included the steps, if any, which SP was required to take to investigate the accuracy of the address which CSI had for a consumer before filing and/or serving a lawsuit against a consumer.

(Am. Compl. ¶ 47).

As a result, at this stage in the case, the Court concludes plaintiff has plausibly and sufficiently alleged defendants' control over SP such that defendants may be held vicariously liable for SP's actions.

Accordingly, the motion to dismiss plaintiff's first cause of action is denied.

5

B.  Preclusion of Claims Based on Res Judicata

Defendants next argue that plaintiff's remaining causes of action are barred by the doctrine of res judicata.

As to plaintiff's second, third, and fourth causes of action, the Court agrees. The Court disagrees, however, as to plaintiff's fifth cause of action.

Res judicata applies when: (i) the prior proceeding involved an adjudication on the merits; (ii) the prior proceeding involved the same parties or those in privity with the parties; and (iii) the claims alleged in the subsequent action were, or could have been, raised in the prior proceeding. See Monahan v. N.Y. City Dep't of Corr., 214 F.3d 275, 285 (2d Cir. 2000). "The third element is further analyzed under the transactional test of the Restatement (Second) of Judgments, which applies three inquiries: (1) whether the underlying facts are related in time, space, origin, or motivation; (2) whether the underlying facts form a convenient trial unit; and (3) whether their treatment as a unit conforms to the parties' expectations. Robinson v. Purcell Constr. Corp., 647 F. App'x 29, 30 (2d Cir.) (summary order) (internal quotations omitted), cert. denied, 137 S. Ct. 231 (2016).

By "preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate," res judicata protects against "the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." Montana v. United States, 440 U.S. 147, 153–54 (1979).

The first element of the res judicata analysis is met as to the second, third, fourth, and fifth causes of action, because under New York law a default judgment, such as that against plaintiff, has res judicata effect equal to that of a judgment on the merits. See Lazides v. P & G

6

Enters., 58 A.D.3d 607, 609 (1st Dep't 2009) ("[R]es judicata applies to an order or judgment taken by default which has not been vacated, as well as to issues which were or could have been raised in the prior [action]") (internal quotation omitted).

The second element, privity, is also met, because CPS is alleged to control CSI's debt collection proceedings, and CSI was a party to the state court action. See Buechel v. Bain, 97 N.Y.2d 295, 304 (2001) (defining "privity" to include "those who control an action although not formal parties to it").

The third element is met as to plaintiff's second, third, and fourth causes of action, as the amount of judgment, and defendants' standing and legal right to bring the state court action and collect against plaintiff are issues that were decided when judgment was entered in CSI's favor. See, e.g., Nath v. JP Morgan Chase Bank, 2016 WL 5791193, at *9 (S.D.N.Y. Sept. 30, 2016) ("Defendants' standing to foreclose on the loan was necessarily decided by the State Court when it issued the Foreclosure Judgment."); Schuh v. Druckman & Sinel, L.L.P., 602 F. Supp. 2d 454, 467 (S.D.N.Y. 2009) (defining "the transaction that was adjudicated in the state court" as including, "the amounts due under [plaintiffs'] loan"). Any challenge to the state court's determinations on those issues could have been raised in the state court action, and plaintiff does not allege he was not given a full and fair opportunity to litigate those issues. In fact, plaintiff does not allege he has made any effort to challenge or vacate the judgment in the state court action.

Accordingly, plaintiff's second, third, and fourth causes of action are barred by res judicata, and defendants' motion to dismiss those claims is granted.

Plaintiff's fifth cause of action asserts "the filing and serving of the Complaint" and "the

application for a default Judgment amounted to a deceptive act and practice." (Am. Compl. ¶ 84). This claim arises from facts unrelated to defendants' right to collect on the underlying debt.

Thus, pursuant to the transactional approach applied under New York law when analyzing whether an issue was or could have been raised in a prior proceeding, this claim is not barred by res judicata. See, e.g., Toohey v. Portfolio Recovery Assocs., LLC, 2016 WL 4473016, at *5 (S.D.N.Y. Aug. 22, 2016) (res judicata did not bar claim that "[d]efendants filed a false, misleading or deceptive affidavit and were engaged in an ongoing scheme to defraud putative debtors," because it did not "arise out of the same factual grouping as the underlying debt-collection lawsuit"); Cameron v. LR Credit 22, LLC, 998 F. Supp. 2d 293, 298 (S.D.N.Y. 2014) (res judicata did not bar claim regarding deceptive state court action because state court judgment "determined [plaintiff's] liability," whereas plaintiff's federal claim "relate[d] to Defendants' alleged misconduct that preceded the Settlement and subsequent judgment. Although [plaintiff] might have raised these allegations as defenses or counterclaims, New York law did not require her to do so.").

Accordingly, defendants' motion to dismiss plaintiff's fifth cause of action is denied.

## CONCLUSION

Defendants' motion to dismiss the amended complaint is GRANTED IN PART and DENIED IN PART. The second, third, and fourth causes of action are dismissed. The first and fifth causes of action will proceed.

The Clerk is instructed to terminate the motion. (Docs. ##20, 35)

Dated: December 28, 2018
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge